UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DANIEL RICHARD HALL, III, ) | |
| ) | Case No. 1:24-cv-300 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| LT. COLE, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM AND ORDER

Plaintiff Daniel Richard Hall, III, a prisoner housed in the Sullivan County Detention Center, filed a pro se prisoner complaint under 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court will grant Plaintiff's motion to proceed *in forma pauperis* and dismiss the complaint as malicious.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's motion [Doc. 4] demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee, 37402 as an initial partial payment, whichever is the greater of: (a) twenty percent of the average monthly deposits to Plaintiff's

inmate trust account; or (b) twenty percent of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars, until the full filing fee of three hundred fifty dollars as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

II.     COMPLAINT SCREENING

   A.     Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

2

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

B.   **Plaintiff's Allegations**

On an undisclosed date, Defendant Cole, a Lieutenant at the Sullivan County Jail, dragged a handcuffed and shackled Plaintiff through his cell without justification for doing so [Doc. 1 p. 3–4]. On a second occasion, he sprayed Plaintiff with pepper spray and dragged him by his shackles simply because Plaintiff could not walk [*Id.* at 4]. Aggrieved, Plaintiff asks the Court to ensure that Defendant Cole can not "abuse any other inmates" [*Id.* at 5].

C.   **Analysis**

Prior to filing the instant action, Plaintiff filed in this Court a § 1983 complaint against Defendant Cole arising out of the same incident. *See Hall v. Cole*, 1:24-cv-273-TRM-CHS (filed July 10, 2024). The claims of excessive force in that case are substantively identical to Plaintiff's allegations in the instant case [*See id.*, Docs. 1, 4]. Because resolution of Plaintiff's previously filed action would leave nothing to be determined in this case, the instant action is duplicative. *See Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997) (providing that, to be duplicative, a case "'must be materially on all fours with the other . . . . [T]he issues 'must have such an identity that a determination in one action leaves little or nothing to be determined in the other.'"). Accordingly, Plaintiff's complaint in this action will be **DISMISSED** as malicious. *Skudnov v. U.S. Dep't of HUD*, No. 3:15-cv-100-JHM, 2015 WL 3892422, at *3 (W.D. Ky. June

3

24, 2015) (finding "[a] complaint is malicious when it 'duplicates allegations of another [ ]federal lawsuit by the same plaintiff'") (citation omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("Federal courts . . . retain broad powers to prevent duplicative or unnecessary litigation.").

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed in forma pauperis [Doc. 4] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. This action will be **DISMISSED without prejudice** as malicious; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**